**UNITED STATES of America**

v.

**Gabriel MANNARINO, alias Kelly Mannarino.**

**Cr. No. 14901.**

United States District Court
W. D. Pennsylvania.

Dec. 11, 1956.

D. Malcolm Anderson, Jr., U. S. Atty., John DeMay, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

V. J. Rich, Margiotti & Casey, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

That part of the statute [1] under which the defendant is indicted states "Whoever * * * corruptly * * * endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined * * *."

The indictment under consideration substantially charges that this defendant did corruptly endeavor to influence, obstruct and impede the due administration of justice in that he did knowingly, wilfully, unlawfully, feloniously and corruptly endeavor to pervert the truth in a certain case then in the course of trial in the United States District Court for the Western District of Pennsylvania by paying $150 to an individual who he believed was a witness in said trial.

The defendant moved to dismiss the indictment principally because the indictment does not state sufficient facts to constitute an offense in that it fails to set forth that the recipient of the money "was under subpoena by the Government to be a witness or that he was a prospective witness, or that it was intended that he be a witness in the said case."

We think the indictment is sufficient and charges all essential ingredients of the proscribed offense. Under the quoted portion of the statute, the status of the recipient as a witness is not specifically made an element of the crime as in the prior portions of the same Act. The statute was enacted for the purpose of safeguarding the due administration of justice, which includes insuring the puri-

---

1. § 1503, Title 18 U.S.C.A.

ty of a trial in progress against all wilfull and corrupt attempts to emasculate it, and it matters not that the endeavor was absolutely ineffective.

The motion to dismiss will be denied.